**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10748
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JESSE JAMES GREGG,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cr-20387-DMM-1
_____

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Jesse James Gregg appeals his sentence of 120 months' imprisonment for knowingly possessing a firearm and ammunition as a convicted felon.  Gregg asserts his sentence was procedurally

unreasonable because the district court denied his downward variance request without explaining why it was rejecting specific supporting arguments that Gregg presented, and it relied on erroneous facts. Gregg also contends the district court abused its discretion by imposing a sentence outside the range of reasonable sentences under the facts and circumstances of this case. After review,[1] we affirm.

## I. PROCEDURAL REASONABLENESS

A sentence is procedurally unreasonable if the district court miscalculated the applicable Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) factors,[2] selected a sentence based on clearly erroneous facts, or failed

---

[1] Because Gregg did not make an objection to the district court that the court relied on clearly erroneous facts or failed to consider the § 3553(a) factors, this Court reviews his procedural reasonableness arguments for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (explaining if a party does not make an argument of procedural reasonableness before the district court, we ordinarily review for plain error). When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

[2] The proper factors for the court to consider are set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the personal history and characteristics of the defendant, the Guidelines range, and the need for the sentence imposed to reflect the seriousness of the crime, promote respect for the law, provide just punishment and adequate deterrence, and protect the public. 18 U.S.C. § 3553(a). The court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who

to adequately explain the chosen sentence. *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016). Gregg argues his sentence is procedurally unreasonable because the district court denied his downward variance request without explaining why it was rejecting specific supporting arguments he presented, and it relied on erroneous facts.

## A. Failure to Explain Sentence

The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). It is enough that the record reflects the district court's consideration of the § 3553(a) factors. *United States v. Cabezas-Montano*, 949 F.3d 567, 609 (11th Cir. 2020). Additionally, a failure to discuss mitigating evidence does not indicate the court "erroneously ignored or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation marks omitted). The decision about how much weight to assign to a particular factor is within the district court's discretion. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

Gregg's sentence is not procedurally unreasonable. At sentencing, the district court stated it reviewed the PSI, the plea agreement, the objections to the PSI, the Government's response, and the letters and pictures submitted to the court. The court also

---

have been found guilty of similar conduct" in imposing a sentence. *Id.* § 3553(a)(6).

listened to Gregg's argument about his mitigating evidence as well as Gregg's address to the court.  Though the district court was not required to discuss Gregg's mitigating evidence, the court did state, before pronouncing his sentence that "although it does appear that he has—I saw the pictures of his family, and it appears he has tried to move on from certain [aspects] of his criminal past, but not successfully.  And, it is unfortunate the impact [it] has on families of sentences."  This shows the court considered the mitigating factors provided by Gregg.  *See Amadeo*, 487 F.3d at 833.  The district court explicitly stated it considered the § 3553(a) factors in arriving at Gregg's sentence.  *See Cabezas-Montano*, 9494 F.3d at 609.  While Gregg disagrees with the weight that the district court gave the factors, the record shows the district court did not err, much less plainly err, by failing to explain his chosen sentence.

*B.  Clearly Erroneous Facts*

Factual findings are clearly erroneous when, based on the record, the appellate court has a definite and firm conviction that a mistake has been made.  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011).  A court relies on clearly erroneous facts when the information was an important factor in imposing the sentence.  *United States v. Cunningham*, 669 F.3d 723, 730 (11th Cir. 2012).  The district court's factual findings for sentencing purposes may be based on evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing.  *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

The district court also did not plainly err by relying on clearly erroneous facts. The court's statement that Gregg had been convicted of a bank robbery with a firearm was not clearly erroneous because it was supported by undisputed facts in the PSI including that "[h]e was found guilty by a jury [of] one count of bank robbery with a firearm" and in the summary of the crime it stated that Gregg told the teller he had a gun and pulled a firearm out of his waistband. *See id.* Although Gregg asserted that the separate firearm charge was acquitted by a jury, the first count in that case expressly charged Gregg with robbing a bank with a firearm, of which he was found guilty.

The district court did not plainly err by failing to explain its chosen sentence or by relying on clearly erroneous facts. Gregg's sentence is procedurally reasonable.

## II. SUBSTANTIVE REASONABLENESS

The district court abuses its discretion and imposes a substantively unreasonable sentence when it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We must give due deference to the district court to consider and weigh the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court does not have to give all the factors equal weight and is given discretion to attach great weight to one factor

over another.  *Rosales-Bruno*, 789 F.3d at 1254.  However, a sentence that "is grounded solely on one factor" may be unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1194 (11th Cir. 2008).  A court's failure to explicitly discuss mitigating evidence presented by the defendant does not render a sentence unreasonable where the court indicates it considered all the § 3553 factors.  *Amedeo*, 487 F.3d at 833.  Along with the § 3553(a) factors, the district court should consider the particularized facts of the case and the Guidelines range. *Rosales-Bruno*, 789 F.3d at 1259-60.

Gregg's sentence is substantively reasonable.  First, the sentence is within, and at the bottom of, the Guidelines range.  *See United States v. Sarras*, 575 F.3d 1191, 1219-20 (11th Cir. 2009) (stating when the sentencing court imposes a sentence within the advisory guideline range, we will ordinarily expect that choice to be a reasonable one).  Second, the district court did not abuse its discretion in weighing the factors of Gregg's criminal history and the nature of the offense more heavily than his traumatic upbringing and other mitigating factors because the court can weigh one factor more heavily depending on the individual facts of the case.  *See Rosales-Bruno*, 789 F.3d at 1254.  Gregg was first arrested for attempted burglary in 1996, and he had multiple arrests and convictions for the next 15 years until he was sentenced to 151 months. Additionally, many of Gregg's crimes and arrests were not part of his Guidelines calculation because they did not receive any criminal history points.  Gregg also committed the instant crime while on supervised release and attempted to obstruct justice while in jail for this offense.  The district court was not required to give the

25-10748    Opinion of the Court    7

weight to the mitigating factors that Gregg requested. *See Amedeo*, 487 F.3d at 833. Because the district court did not abuse its discretion by weighing Gregg's criminal history more than other factors, the sentence was substantively reasonable. Accordingly, we affirm Gregg's sentence.

**AFFIRMED.**